IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 64,224-01 & 64,224-02






EX PARTE JAMES FITZGERALD STEWART, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NOS. W01-50787-K & W01-50788-K 

IN THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY



 

 Per curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at ten years' confinement. 
Applicant did not pursue an appeal.

 Applicant contends that he received ineffective assistance of counsel. Specifically,
Applicant contends that he was erroneously advised by trial counsel that if he entered an
open guilty plea, the trial court would "most likely" sentence him to probation. Applicant
also contends that because of trial counsel's deficient performance, his guilty plea, judicial
confession, stipulation of evidence and waiver of jury trial were not knowing and voluntary.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from trial counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. The trial court shall also forward the indictment
and any records regarding Applicant's guilty plea and the admonishments given prior to the
acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel erroneously advised Applicant that if he entered an open guilty
plea, the trial court would "most likely" sentence him to probation and whether Applicant's
guilty plea, judicial confession, stipulation of evidence and waiver of jury trial were knowing
and voluntary. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 17TH DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.